812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George Lee ROBINSON, Plaintiff-Appellant,
v.
Sheriff Edward P. NEMETH, Defendant-Appellee.
 No. 86-3827.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1987.
 
 Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's order dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time he filed his complaint, the plaintiff was imprisoned at the Mahoning County, Ohio jail. The defendant is the sheriff in charge of the jail. The initial complaint contained two main allegations: that the jail doctor insulted the plaintiff concerning his medical conditions, and that the plaintiff was denied access to a law book on one occasion. The complaint also contained various other conclusory allegations concerning the conditions of confinement at the jail. The plaintiff requested $10,000.00 in damages.
 
 
 3
 The district court entered an order holding that the complaint was frivolous under 28 U.S.C. Sec. 1915(d); but the court granted the plaintiff thirty days in which to amend his complaint. After an extension of time was granted, the plaintiff filed an amended complaint alleging that the jail doctor and nurse denied him prescription medication and only gave him aspirin for his medical condition. The district court held that this issue failed to state a cruel and unusual punishment claim under the eighth amendment.
 
 
 4
 To state an eighth amendment claim, the plaintiff must show that the prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). The district court held that the plaintiff had been seen by the jail doctor and nurse, so there was no deliberate indifference to his medical needs. We agree with this conclusion of the district court. The prison doctor's remarks and any negligent medical treatment received by the petitioner would merely raise state law claims.
 
 
 5
 Concerning the denial of the law book, it is true that prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). In order to state a claim, the plaintiff must show some actual injury in the form of an instance where the plaintiff is denied access to the courts. Hudson v. Robinson, 678 F.2d 462, 466 (3rd Cir.1982); accord, Mann v. Smith, 796 F.2d 79, 84 (5th Cir.1986). The single isolated incident concerning the books that was pleaded does not constitute a denial of access to the courts.
 
 
 6
 We agree with the district court that the plaintiff's other allegations are without merit. The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.